**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

**UNITED STATES OF AMERICA**
    **Plaintiff**

v.                                  **Case Number 3:12cr95-001**

                                          **USM Number 23424-076**

**TIMOTHY SESSON**
    **Defendant**

                                          **H JAY STEVENS - FCD**
                                          **Defendant's Attorney**

_____

**JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Supervised Release)

**THE DEFENDANT** admitted guilt to all the violations the term of supervision as listed in the petition dated 9/5/2012.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation | Nature of Violation | Date Violation Concluded |
|---|---|---|
| Mandatory Condition, Violation No. 1 | On or about 4/14/2012, defendant committed the offense of Operating While Intoxicated, in Berrien County, Michigan, under cause number #2012015499 | September 5, 2012 |
| Standard Condition No. 1, Violation No. 1 | On or about 4/14/2012, defendant traveled outside the Northern District of Indiana without permission | September 5, 2012 |
| Standard Condition No. 1, Violation No. 2 | On or about 8/13/2012, defendant traveled outside the Northern District of Indiana without permission | September 5, 2012 |
| Standard Condition No. 5, Violation No. 1 | On 4/13/2012, defendant failed to notify Probation of his change of employment | September 5, 2012 |
| Standard Condition No. 6, Violation No. 1 | Defendant consumed an excessive amount of alcohol as evidenced by his arrest on 4/14/2012, in Berrien County, Michigan. The defendant's B.A.C. was .186% | September 5, 2012 |
| Standard Condition No. 11, Violation No. 1 | Defendant failed to notify Probation within 72 hours from the date he was arrested by Berrien Springs-Oronoko Township officers | September 5, 2012 |

| Special Condition, Violation No. 1 | As of 9/5/2012, defendant has failed to make restitution payments. The defendant has paid zero toward his restitution of $20,011.86. | September 5, 2012 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

November 5, 2012  
Date of Imposition of Judgment

s/ Jon E. DeGuilio  
Signature of Judge

Jon E. DeGuilio, United States District Judge  
Name and Title of Judge

November 6, 2012  
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **5 months**. Upon release from imprisonment, the Defendant shall be discharged from any further term of supervision.

The Court makes the following recommendations to the Bureau of Prisons: That the Bureau of Prisons designate as the place of the defendant's confinement, if such placement is consistent with the defendant's security classification as determined by the Bureau of Prisons, a facility where he may receive an evaluation for alcohol abuse and treatment, as the Bureau of Prisons deems necessary; and that the defendant be placed in a facility as close as possible to South Bend, Indiana.

The Court recommends that the defendant be given credit for time served while awaiting sentencing, as calculated by the Bureau of Prisons, which in this case is approximately since October 16, 2012. Pursuant to § 7B1.5, no credit is to be given toward a sentence of imprisonment for time served on supervised release prior to the revocation.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____ at _____
_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
DEPUTY UNITED STATES MARSHAL

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $200.00 | NONE | $20,011.86 |

If the total assessment of $200.00 is not already paid, such continues to be due and owing. The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

Since the Defendant has not already done so, the Defendant is again ordered to pay the restitution ordered in his original case, under the same terms previously imposed and ordered by the Western District of Tennessee in its original judgment.

The defendant shall make restitution payments (including community restitution, if applicable) payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601, for the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **\*\*Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| BanCorp South | | $4,961.42 | |
| First Tennessee Bank | | $3,076.28 | |
| Trustmark Bank Attn: Leslie Blakeney Security Manager | | $9,656.70 | |
| Shelby County Federal Credit Union | | $1,594.87 | |
| Regions Bank Attn: Jason Fleming | | $722.59 | |
| **Totals** | | $20,011.86 | |

\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    E.    Special instructions regarding the payment of criminal monetary penalties:

        Pay Restitution in regular monthly installments of not less than 10% of gross monthly income. Notify the U.S. Attorney and the Court of any material change in economic circumstances that may affect defendant's ability to pay Restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court. Participation in that program is voluntary.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.